IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE R. FROST,               ) | |
| )                            | |
| Plaintiff,                   ) | Case No. CV-06-28-S-BLW |
| )                            | |
| v.                           ) | **MEMORANDUM ORDER** |
| )                            | |
| JOHN FUQUAY, JOHN COLT       ) | |
| FUQUAY, JENNIFER GUTOSOSKI   ) | |
| aka JENNIFER FUQUAY, CLINTON ) | |
| WARD FUQUAY, KAREN JENKINS   ) | |
| aka KAREN FUQUAY, OWYHEE     ) | |
| COUNTY, SHERIFF GARY AMEN,   ) | |
| EDWARD YARBROUGH, Owyhee     ) | |
| P.A., JUDGE THOMAS RYAN, and ) | |
| COUNTY COMMISSIONERS,        ) | |
| )                            | |
| Defendants.                  ) | |
| _____) | |

This case has been reassigned to this Court to determine whether Plaintiff may proceed with this case. Magistrate Judge Williams previously ordered Plaintiff to file an amended complaint. The Court now reviews the Amended Complaint to determine whether he can proceed. *See* 28 U.S.C. § 1915(e).

### REVIEW OF AMENDED COMPLAINT

**A.    Background**

Plaintiff asserts that various state actors and individual citizens violated his constitutional rights on or about the following dates: March 4, 2002; July 19, 2003; November 20, 2003; November 27, 2003; February 6, 2004; and March 29, 2004.

**MEMORANDUM ORDER  1**

Magistrate Judge Williams previously correctly determined that Plaintiff's claims related to incidents that occurred prior to January 19, 2004, are time-barred, and that Plaintiff could attempt to proceed only upon his claims related to incidents of February 6, 2004, and March 29, 2004.

**B.    Standard of Law for Dismissal**

The Court is required to review *in forma pauperis* complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**C.    Discussion**

Not every claim is actionable under the civil rights statute.  For example, the civil rights statute is not applicable to the actions of private citizens.  The majority of Plaintiff's claims arise from an incident of March 4, 2002, when Plaintiff was allegedly attacked by several of the private individuals who are defendants in this action. These claims are subject to dismissal because private individuals are not state actors and

**MEMORANDUM ORDER  2**

because the claims are barred by the statute of limitations.

In his Amended Complaint, Plaintiff alleges that the Sheriff's Department lost evidence, including photographs of his injuries received in the March 2002 attack. Plaintiff no longer has a viable cause of action arising from the March 2002 attack due to the expiration of the statute of limitations. Therefore, no damage has arisen from the alleged loss of evidence regarding the March 2002 incident. In addition, negligence in performing a police investigation is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Crane v. Cumberland County, Pa.*, 2000 WL 34567277 at *6 (D. Pa. 2000); *Pennington v. Hobson*, 719 F.Supp. 760, 770 n.9 (D. Ind. 1989). As a result, Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff also alleges that the Owyhee County Sheriff's Office violated his rights when it failed to take any action regarding the March 2002 attack. These allegations do not state a claim because Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F.Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice.").

Plaintiff also alleges that his small claims court case before Judge Ryan was dismissed on February 6, 2004. In that case, he alleges that Judge Ryan would not review his video or listen to a recording of the incident, but listened only to Defendants' point of

**MEMORANDUM ORDER 3**

view. Plaintiff asserted that the judge violated his due process and equal protection rights.

Even if Plaintiff's claims against Judge Ryan were not barred by the statute of limitations, they are barred by the doctrine of absolute judicial immunity. Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges. . . .'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman v. Pope*, 793 F.2d at 1078). Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

**MEMORANDUM ORDER  4**

There are two circumstances in which absolute judicial immunity does not apply. First, a judge may not rely on immunity when he or she performs an act that is not "judicial" in nature. *Sparkman*, 435 U.S. at 360. For example, when a judge used physical force to evict a person from the courtroom, the Ninth Circuit held that the judge performed a nonjudicial act not covered by absolute immunity. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974).

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly. . . . A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id*.

The question of whether a judge acted in excess of his or her authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his or her authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him or her. *Mireles v. Waco*, 502 U.S. 9, 13 (1991). The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction

**MEMORANDUM ORDER  5**

and would be immune." *Stump v. Sparkman*, 435 U.S. at 357 (internal citation omitted).

In Idaho, small claims courts have jurisdiction over claims "where the amount of each claim does not exceed five thousand dollars ($5,000), and in cases for the recovery of personal property where the value of the property does not exceed five thousand dollars ($5,000); provided however, that the small claims department shall not award punitive damages or damages for pain or suffering in any proceeding." Idaho Code § 1-2301. Absolute judicial immunity has been applied to small claims courts where that issue has arisen in other federal district courts. *See White v. Toyota 101*, 2000 WL 74019 (D.Cal. 2000); *Sutton v. New Century Financial Services*, 2005 WL 2247834 (D.N.J. 2005).

Here, all of Plaintiff's allegations are aimed at the small claims court judge's actions in adjudicating his claims. There are no allegations showing that the judge acted in a nonjudicial capacity or acted in the absence of all jurisdiction. As a result, Plaintiff's claims against Judge Ryan are subject to the doctrine of absolute immunity and are dismissed with prejudice.

D.      **Conclusion**

The Court concludes that the majority of Plaintiff's claims were barred by the statute of limitations. As to any remaining claims, Plaintiff has failed to state a claim upon which relief can be granted. For the foregoing reasons, Plaintiff's case is dismissed with prejudice, meaning that his claims cannot be brought again.

**MEMORANDUM ORDER  6**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's case is DISMISSED with prejudice.



DATED:  **May 11, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM ORDER  7**